Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On January 21, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
2. At such time, defendant-employer was self-insured.
3. At such time, plaintiff's average weekly wage was $262.00 yielding a compensation rate of $174.68
4. A series of medical records and reports collectively marked as Stipulated Exhibit No. 1, are received into evidence by stipulation of the parties.
************************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a twenty-seven year old high school graduate whose employment history consist of working in textile, poultry processing, and food service.
2. On January 21, 1991, plaintiff was employed as a "trimmer" on an eviscerating line for defendant-employer, a poultry processor. Plaintiff's job duties required her to stand on the line, use a knife and scissors, and lift three to three and a half-pound chickens, on a continuous basis.
3. On January 21, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she slipped and fell while descending a flight of stairs.
4. As a result of her January 21, 1991 injury by accident, plaintiff sustained a chronic lumbosacral strain with left leg sciatica for which she was seen by Drs. Bond, Bell, Watson and Brown.
5. In June of 1991, while plaintiff was out of work as a result of her January 21, 1991 injury by accident, she received a letter from defendant-employer concerning her retirement benefits which she mistakenly construed to be a termination notice effective June 1, 1991.
6. On July 20, 1991, Dr. Watson released plaintiff to return to work as an assistant manager at Pizza Hut, primarily due to plaintiff's representation that the position of Pizza Hut was a light duty position. At that time, Dr. Watson did not feel that plaintiff could return to her "trimmer" job at defendant-employer.
7. When plaintiff was released to return to work on July 20, 1991, she was still an employee of defendant-employer and was expected to return to her job with defendant-employer, which job could be modified to allow plaintiff to sit or stand. When plaintiff was released to return to work on July 20, 1991, she did not contact defendant-employer because she thought she had been previously terminated from her employment with defendant-employer, her attorney at that time told her to stay away from defendant-employer, and Dr. Watson did not feel that she could return to her former job with defendant-employer.
8. On August 7, 1991, plaintiff was terminated from employment with defendant-employer for failure to contact defendant-employer upon her release to return to work and due to plaintiff's acceptance of other employment.
9. Dr. Watson took plaintiff out of work for one week in November of 1991, due to an exacerbation of her back pain.
10. Plaintiff worked at Pizza Hut from July 20, 1991, to June of 1992, at which time she left her employment because it had become too strenuous on her back. Thereafter, plaintiff worked at Modern Glove for three months and then worked at Wilkes County School System as a substitute in the cafeteria.
11. On April 20, 1993, plaintiff reached maximum medical improvement from her January 21, 1991 injury by accident and as a result thereof had a twenty percent (20%) permanent partial disability to her back.
12. As a result of her January 21, 1991 injury by accident, plaintiff was unable to earn any wages in any employment from January 31, 1991 to July 20, 1991, for which she received temporary total disability compensation in the amount of $174. 68 per week.
13. As a result of her January 21, 1991 injury by accident, plaintiff's wage earning capacity from July 20, 1991 to April 20, 1993 was diminished from the $262.00 per week she earned at the time of the injury by accident. Plaintiff's post injury earnings were as follows: $111.00 per week from July 20, 1991 to December 31, 1991; $97.00 per week from January 1, 1992 through December 31, 1992; and $28.50 per week from January 1, 1993 to April 20, 1993.
14. Plaintiff was originally represented in this matter by Gregory J. Brewer. Mr. Brewer worked fifteen hours on this case.
***********************
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. As a further result of her January 21, 1991 injury by accident, plaintiff was partially disabled from July 20, 1991 to April 20, 1993 for which she is entitled to compensation at the rate of $100.67 per week from July 20, 1991 to December 31, 1991, compensation at the rate of $110.00 per week from January 1, 1992 to December 31, 1992, and compensation at the rate of $155.67 per week from January 1, 1993 to April 20, 1993, that being two-thirds (2/3) of the difference between the average weekly wage she was earning at the time of her injury by accident and that which she was able to thereafter earn during the aforementioned periods of time. N.C. Gen. Stat. § 97-30.
2. As a further result of her January 21, 1991 injury by accident, plaintiff sustained a twenty percent (20%) permanent partial disability to her back for which she is entitled to 60 weeks of compensation at the rate of $174.68 for 60 weeks beginning on the date she reached maximum medical improvement, April 20, 1993. N.C. Gen. Stat. § 97-31(23).
3. Plaintiff is entitled to have defendant provide all medical treatment arising from her January 21, 1991 injury by accident. N.C. Gen. Stat. § 97-25.
***********************
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to a counsel fee hereinafter approved, defendant shall pay the plaintiff compensation at the rate of $100.67 per week from July 20, 1991 to December 31, 1991, compensation at the rate of $110.00 per week from January 1, 1992 to December 31, 1992, and compensation at the rate of $155.67 from January 1, 1993 to April 20, 1993. As said compensation has accrued, it shall be paid in a lump sum without commutation.
2. Defendant shall pay compensation to plaintiff at the rate of $174.68 per week for 60 weeks for her permanent partial disability. As much of said compensation as has accrued shall be paid in a lump sum subject to a reasonable attorney fee hereinafter approved.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of her January 21, 1991 injury by accident when bills for the same have been submitted through defendant to the Industrial Commission and thereafter approved by the Industrial Commission.
4. A reasonable attorney fee in the amount of twenty-five percent (25%) of the compensation benefits payable pursuant to Award paragraphs 1 and 2 hereinabove is hereby approved for plaintiff's counsel, Janet Clary less $1,500.00 of the attorney's fee which is to be paid to plaintiff's first attorney in this matter, Gregory Brewer. Said attorney fee shall be paid out of the accrued benefits and out of the benefits which will hereinafter accrue by defendant making direct payment to plaintiff's counsel of every fourth week of compensation benefits payable under the terms of the Opinion and Award.
5. Defendant shall pay all costs, including expert witness fees in the amount of $215.00 to Dr. Bond; $215.00 to Dr. Watson; and $240.00 to Dr. Brown.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
BSB:md